UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER CLARKE,

                                Plaintiff,

-v-

PASSFEED, INC., ERIN BOOSE, and SHAN WANG,

                                Defendants.

CIVIL ACTION NO. 24 Civ. 596 (JPC) (SLC)

**OPINION AND ORDER**

**SARAH L. CAVE**, United States Magistrate Judge.

## I. INTRODUCTION

Plaintiff Christopher Clarke moves for a discovery conference and seeks to compel Defendant Shan Wang, also known as Richard Wang, a foreign national, to appear in New York for an in-person deposition. (ECF No. 41 (the "Motion")). Wang resists, arguing that the Federal Rules of Civil Procedure allow the parties to take virtual depositions of overseas witnesses. (ECF No. 43). The Motion is granted to the extent it seeks an order to compel Wang to appear in New York for an in-person deposition, and it is otherwise denied.

## II. BACKGROUND

This is a civil rights action under both federal and New York law in which Clarke alleges Defendants Passfeed, Inc. ("Passfeed"), Erin Boose, and Wang discriminated against him based on race, retaliated against him, and aided and abetted the racial discrimination, after Clarke discovered other Passfeed employees writing personal, racially-inflammatory remarks about him in a group-chat. (See generally ECF No. 1). Clarke was the Chief Compliance Officer of Passfeed, a New York Corporation, and Wang is Passfeed's chief executive officer. (ECF No. 1 at ¶¶ 14; 26).

At all material times, Wang was Clarke's employer. (Id. at ¶¶ 16–18). According to the parties' letter submissions, Wang is a resident of China and not a citizen or permanent resident of the United States, even though he is sometimes in New York to conduct business from Passfeed's office. (ECF Nos. 41; 43).

On July 26, 2024, Clarke noticed Wang's deposition, seeking to hold the in-person deposition at Plaintiff Counsel's office in Manhattan. (ECF No. 41-1). For the last two months, Plaintiff's Counsel, Mr. Steven Fingerhut, Esq., communicated with Defendants' Counsel, Ms. Robin Gray, Esq., seeking to schedule Wang's in-person deposition. (ECF Nos. 41-2–41-7). On September 3, 2024, Gray wrote that Wang is "rarely in the [United States,]" would be "out of the country for the next two months[,]" and would "not be available for . . . [an] in[-]person deposition" until December 2024. (ECF No. 41-4 at 1–2). In response to Fingerhut's discovery inquiries, on September 9, 2024, Gray said that Wang "is not a [United States] citizen or permanent resident" and that he was "outside of the United Sates and ha[d] no plans on returning in the near future." (ECF No. 41-5 at 1, 3).

On October 3, 2024, Fingerhut informed Gray that "it has come to [Fingerhut's] attention that . . . Wang[] is in fact back in the United States—in his New York City office. . . to conduct business." (ECF No. 41-6 at 2). Fingerhut advised that if Gray would not produce Wang for an in-person deposition immediately, he would file the Motion. (Id.) Gray responded that she "had no idea" Wang was in New York, and that the next available date for her to defend an in-person deposition was November 13, 2024. (Id. at 1). Fingerhut pressed Gray to set a date in October 2024 for Wang's in-person deposition, but Gray rebuffed the requests, citing her two-week travel plans beginning on October 13, 2024, and stating again that her earliest availability is mid-

November. (ECF No. 41-7 at 4–7). Fingerhut relented and agreed to an in-person deposition on November 13, 2024, subject to Gray's confirmation that Wang would appear. (Id. at 3). The next day, October 4, 2024, Gray told Fingerhut that Wang is currently in New York "on a visitor visa" and "is scheduled to leave on October 20[, 2024]." (Id. at 1). Wang "does not have a [return] date" set. (Id.)

### III. DISCUSSION

**A. Legal Standard**

Federal Rules of Civil Procedure 28 and 30 govern the procedures for taking oral depositions of party witnesses. Rule 30 specifies that reasonable written notice must be given to every other party and "must state the time and place of the deposition." Fed. R. Civ. P. 30(b)(1). Rule 28 specifies the persons before whom depositions may be taken within the United States and in a foreign country. Fed. R. Civ. P. 28. The Federal Rules do not, however, specify where a deposition is to take place. Courts are granted broad discretion to manage discovery and determine where depositions shall take place. See Fed. R. Civ. P. 26(c)(1) (courts may for good cause issue an order "specifying terms, including time and place . . . for the disclosure or discovery"); Alpha Capital Anstalt v. Real Goods Solar, Inc., 323 F.R.D. 177, 178 (S.D.N.Y. 2017) ("[C]ourts retain substantial discretion to determine the site of a deposition").[1]

Ordinarily, a plaintiff's deposition will be held in the forum district because the plaintiff selected the forum and therefore consented to participating in proceedings there. City of Almaty, Kazakhstan v. Ablyazov, No. 15 Civ. 5345 (KHP) (AJN), 2017 WL 11699076 at *3 (S.D.N.Y. June 16, 2017) (citing Charles Alan Wright & Arthur R. Miller, Federal Practice and

---

[1] Internal citations and quotations omitted unless otherwise noted.

Procedure § 2112 (3d ed.)).  In contrast, "a non-resident defendant ordinarily has no say in selecting" the judicial forum, so his "preference for a situs for his [] deposition near his [] place of residence—as opposed to the judicial district in which the action is being litigated—is typically respected."  Ablyazov, 2017 WL 11699076 at *3 (quoting In re Outsidewall Tire Litig., 267 F.R.D. 466, 471 (E.D. Va. 2010), and citing Wright & Miller, supra, § 2112 ("[C]ourts are more willing to protect a defendant from having to come to the forum for the taking of his [] deposition than they are in the case of plaintiffs.")).  Thus, there is an initial presumption that a defendant should be deposed in the district of his residence or principal place of business.  Mill-Run Tours, Inc. v. Khashoggi, 124 F.R.D. 547, 550 (S.D.N.Y. 1989).

To overcome this presumption, circumstances must exist "distinguishing the case from the ordinary run of civil cases." In re Outsidewall Tire Litig., 267 F.R.D. at 472.  "[T]he plaintiff has the affirmative burden of demonstrating 'peculiar' circumstances which compel the Court to suspend the general rule" of holding depositions where defendants are located.  Ablyazov, 2017 WL 11699076 at *3 (citing Sloniger v. Deja, No. 09-cv-858S (HBS), 2010 WL 5343184, at *4 (W.D.N.Y. Dec. 20, 2010)).  To determine the location of a defendant's deposition, courts consider: the location of counsel for the parties, the number of corporate representatives to be deposed, the likelihood of significant discovery disputes and the Court's ability to resolve those disputes, whether the persons to be deposed often travel for business purposes, a balancing of the equities, issues of comity/Federal Rule of Civil Procedure 28(b), the relative costs of the depositions, and criminal liability.  Id.; Mill-Run Tours, Inc., 124 F.R.D. at 550–52.  Courts in this Circuit have also considered the hardship of compliance on the party or witness from whom

4

discovery is sought, and the good faith of the party resisting discovery.  Laydon v. Mizuho Bank, Ltd., 183 F. Supp. 3d 409, 420 (S.D.N.Y. 2016).

### B. Application

Given Wang's apparent subterfuge to avoid this litigation together with Gray's inattention and waste of time, the parties are ordered to conduct an in-person deposition of Wang in New York, not to exceed one-half of a day, on or before October 11, 2024.

All counsel agreed to represent their clients in this Court, and Wang is in New York until October 20, 2024, with no date certain for his return upon his departure.  (ECF No. 41-7 at 1). Gray will be unavailable for a two-week travel period beginning on October 13, 2024, and although she argues she could not possibly defend Wang's deposition this week because she is "in court every day this week due to [her] scheduled vacation" (ECF No. 43), she provided no proof to substantiate her argument.  Moreover, Gray clearly wasted significant time while Wang has been in New York.  It is no excuse that she "had no idea" Wang was in town.  (ECF No. 41-6 at 1).

The balance of the equities, the relative costs, the ability of the Court to resolve discovery disputes, and Wang's conduct thus far—together with his opaque travel schedule to and from New York—all cut in favor of compelling Wang's in-person deposition while he is in New York and before Gray embarks on vacation.  A virtual deposition when Wang leaves the country would only serve to waste time and resources, especially when Wang is currently conducting business from Passfeed's principal place of business in New York.  See Ablyazov, 2017 WL 11699076 at *3; Mill-Run Tours, Inc., 124 F.R.D. at 550.

5

There is little hardship for Wang and Gray to comply, even considering the unsubstantiated claim that Gray is unavailable for a single deposition in the next four days. Wang may well slip into the ether later this month. The parties need not waste another opportunity to clear his deposition from their to-do lists.

### IV. <u>CONCLUSION</u>

Accordingly, the Motion is **GRANTED IN PART AND DENIED IN PART**. On or before **October 11, 2024**, the parties are ordered to conduct an in-person deposition of Wang in New York, not to exceed one-half of a day. The Motion is otherwise denied.

The Clerk of Court is respectfully directed to close ECF No. 41.

Dated: New York, New York
October 7, 2024

SO ORDERED.

_____
SARAH L. CAVE
United States Magistrate Judge

6